CHARLES SCOTT & CO. v. WILLIAM P. OLMSTEAD.

*Bankruptcy. Composition. Bar to Action on Debt Created by Fraud.*

An action to recover a debt created by the fraud of the defendant, is not barred by a composition between defendant and his creditors under the Act of Congress of June 22, 1874, in amendment of the Bankrupt Act, any more than it would be by a discharge under the original act.

CASE for obtaining credit by false and fraudulent representations of solvency, with a count in trover. The first count alleged that on September 6, 1876, the defendant, to induce the plaintiffs to sell to him certain goods, represented that he had and owned stock in trade and good accounts to a certain amount, and owed only a certain sum for goods and only a certain other sum for borrowed money, and had a surplus over all liabilities to a large amount; that the plaintiffs, relying on such representations, then sold and delivered said goods to the defendant; that the defendant did not have stock in trade, nor good accounts to the amount represented, nor owe for goods and borrowed money only as represented, but on the contrary, owed much more, nor have a surplus of property over all liabilities as represented, but was insolvent, all of which the defendant then well knew; and that the defendant had never paid for said goods, but had converted the same to his own use. The defendant pleaded the preferring of a petition in bankruptcy against him on December 2, 1876; an adjudication of bankruptcy on the 11th; a meeting of creditors on the 16th; due presentation by the defendant at that meeting of a schedule of his assets and liabilities with names, &c., of creditors; the making of a proposition of composition; due acceptance thereof by the creditors then present; finding by the court on the 26th; that the resolution expressing such acceptance had been duly passed; and that it was for the best interests of all concerned that the composition be carried out; an order by the court that the resolution be recorded, and that on payment of the percentage by

the defendant to the creditors, or, on their refusal to accept then to the clerk of the court, the proceedings in bankruptcy should be discontinued ; and due payment by the defendant of such percentage.   The plea further alleged that the plaintiffs had due notice of all meetings of creditors, and of all proceedings relative thereto, that the names and address of the plaintiffs, together with a statement of the sum due them, were placed in the statement made to the creditors as aforesaid, and that the sum due to them under the order of the court, having been refused by them, was deposited with the clerk of the court in compliance with said order.   Demurrer by the plaintiff.

At the September Term, 1877, Franklin County, the court, ROYCE, J., presiding, *pro forma*, adjudged the plea insufficient, sustained the demurrer, and rendered judgment for the plaintiffs ; to which the defendant excepted.

*Wilson & Hall* and *Davis & Stevens*, for the defendant.

The debt was discharged by the composition.   It was provable in bankruptcy.   In re *Schwarz*, 15 N. B. R. 330 ; In re *Rundle*, 2 N. B. R. 113.    Thus the plaintiffs were creditors in the composition proceedings.   Ex parte *Trafton*, 14 N. B. R. 507.   The Bankrupt Act provides that " a composition   .   .   .   shall be binding on all the creditors," &c.   Such language, unrestricted, would include the debt in question.   It will not be contended that it is restricted unless by s. 5117, Rev. Sts. U. S.   The language of the original law was, " Shall be discharged under this act." The change of phraseology does not alter the effect of the original law.   Rev. Sts. U. S. s. 5601 ;   In re *Rodger*, 18 N. B. R. 252. The question, therefore, is one of construction.   See *United States* v. *Fisher*, 2 Cranch, 386 ; *Moser* v. *Newman*, 6 Bing. 556 ; In re *Rodger, supra ;* In re *Bechet*, 12 N. B. R. 201 ; In re *Haskell*, 11 N. B. R. 164 ;   In re   *Odell*, 16   N. B. R. 501 ; In re   *Webber Furniture Co.* 13 N. B. R. 529 ;   *Wells* v. *Lamprey*, 16 N. B. R. 205 ;   In re *Shafer*, 17   N. B. R. 116 ;   *Bamberg*   v.   *Stern*, 18 N. B. R. 74.   Compare the provisions of the English statute.   See 32 & 33 Vict. c. 71 ss. 49, 126.

*E. A. Sowles*, for the plaintiffs.

The Bankrupt Act provides that no debt created by fraud shall be discharged by proceedings in bankruptcy. Rev. Sts. U. S. s. 5117. The debt in this case comes within that provision. *Morse* v. *Hutchins*, 102 Mass. 439; *Leggett* v. *Barton*, 7 Reporter, 116. The statute of 1874 is a supplement to the Bankrupt Act, and is part of the system of bankruptcy. *Leggett* v. *Barton, supra.*

The question is, whether an action on a debt that would not be barred by a certificate of discharge under the Bankrupt Act, is barred by a composition under the act of 1874. We think not. The acts must be construed together. It is unreasonable to suppose that it was intended to give greater force to the voluntary arrangement of parties, than an absolute discharge would have. In re *Bechet*, 2 Woods, 173; *Guild* v. *Butler*, 122 Mass. 498; *Mudge* v. *Wilmot*, 124 Mass. 493.

*Wells* v. *Lamprey*, 58 N. H. is distinguishable.

The opinion of the court was delivered by

VEAZEY, J. The question presented is, whether an action to recover a debt created by the fraud of the bankrupt, and which action therefore would not be barred by a discharge under the Bankrupt Act, is barred by a composition under the amended act of June 22, 1874. The Bankrupt Act, as it stood when the amendment was passed, provides that " no debt created by the fraud or embezzlement of the bankrupt, . . . shall be discharged by proceedings in bankruptcy; but the debt may be proved, and the dividend thereon shall be a payment on account of such debt." Rev. Sts. U. S. s. 5117; being section 33 of the original act of 1867.

Section 5103 provides for the winding up, settlement, and distribution of the bankrupt's estate by trustees, under the inspection and direction of a committee of the creditors, and that " the winding up and settlement of any estate under the provisions of this section shall be deemed to be proceedings in bankruptcy under this act "; and further, that upon such settlement the bankrupt shall have the like right to a discharge as if the settlement was by an assignee, as provided in the other sections of the act.

These were the provisions as they were incorporated into the Revised Statutes of December, 1873; and the phraseology is the same as it was in the original act, except that the words, "under this act," in section 33, were changed in the Revised Statutes to the words, "by proceedings in bankruptcy."

In June, 1874, Congress passed the amendment providing for a settlement by composition. This provision is in the seventeenth section of the amended act, and that section begins as follows: "That the following provisions be added to section forty-three of said act," being said section 5103 of the Revised Statutes, and then, after providing the manner of proceeding to accomplish a composition, this section further provides that, "the provisions of a composition accepted by such resolution, in pursuance of this section, shall be binding on all the creditors whose names and addresses, and the amounts of the debts due to whom, are shown in the statement of the debtor produced at the meeting at which the resolution shall have been passed, but shall not affect or prejudice the rights of any other creditors."

It is by force of this provision that a bankrupt is discharged of his debts, in case of a composition, and no certificate of discharge is granted as in case of a settlement by an assignee or by trustees. The plaintiffs did not prove their debt or accept the percentage offered in the composition proceedings, but their names and addresses with the amount of their claim were shown in the statement of names, addresses, and claims of creditors produced by the debtor at the composition meeting, as required by the statute.

The plaintiffs' claim, being induced by the false representations of the defendant, would not be discharged by a certificate of discharge under the Bankrupt Act. *Morse* v. *Hutchins*, 102 Mass. 439; In re *Devoe*, 1 Lowell, 251; *Turner* v. *Atwood*, 124 Mass. 411. Yet, it is claimed that the defendant was discharged as to this same debt by a composition under section 17. In effect, the claim is, that the question whether or not a fraudulent debt is discharged, depends on the method of settlement of the bankrupt's affairs in bankruptcy. We do not think the construction claimed is a correct construction of the statutes, although several courts

have so decided. No sufficient reason is suggested or occurs to us why Congress should have made such distinction. The term " binding on all the creditors," &c., we think, was intended to mean and does mean, in respect to fraudulent debts, binding as to those on the schedule of creditors just to the extent that a certificate of discharge is binding. The composition provision was an addition to, and was made a part of, section 43, the trustee section, and its purpose was to provide another way of settlement in bankruptcy, not to change the effect of bankruptcy proceedings as to fraudulent debts. We do not think Congress, after having squarely provided in the original act that a fraudulent debt should not be discharged by a discharge in bankruptcy, ever intended to vary the rule in case of a settlement by composition under the amendment of 1874, when the Bankrupt Act had become odious by reason of the popular claim that it was the resort of rascals. The construction of the statute which we adopt gives effect to the words " binding on all ", &c., and an effect in harmony with the other provisions of the act and consonant with the plain intent of Congress. It is the construction adopted by the Supreme Courts of Massachusetts, New York and New Jersey. *Mudge* v. *Wilmot*, 124 Mass. 493 ; *Libbey* v. *Strasburger*, 14 Hun, 120 ; *Leggett* v. *Barton*, 11 Vroom, 83.

The decisions under the English bankrupt law on the question involved in this case are to the same effect, yet they afford but little aid, as the English act differs materially from ours on this point. These views would affirm the *pro-forma* decision of the County Court sustaining the demurrer and adjudging the pleas insufficient, but, on motion of the defendant, the judgment of the County Court is, *pro forma*, reversed, and the cause remanded, with liberty to the defendant to replead on payment of costs, and taking none pending the demurrer.