FIRST NATIONAL BANK OF ST. ALBANS v. SEYMOUR H. WOOD.

*Usury. Bankruptcy. Effect of Composition as to Discharging Surety.*

1. The defendant gave a mortgage to secure W.'s debt; W. had paid usury to the orator; in a foreclosure proceeding the master found that he waived *his right to the usury,* and *consented* to its *application on the debt,* "if the law will so apply it." *Held,* that it should be applied upon the debt; and, that such application would be a bar to a recovery of the usury by W.

2. W. was adjudged an involuntary bankrupt, the orator and defendant joining in the petition. The orator *proved the debt,* to secure which the mortgage in question was given, as *unsecured. Held,* that it did not thereby waive the security under the mortgage;

3. Nor, by participating in composition proceedings under the bankrupt act;

4. Nor, by accepting the percentage and giving a receipt therefor, discharging the claim against the bankrupt estate;

5. Nor, by *proving less.* than the debt secured by this mortgage.

6. Distinction between a *composition proceeding* under the bankrupt act and a *compromise agreement* between debtor and creditor.

THIS case was heard at the September Term, 1879, on petition to foreclose a mortgage, answer and the report of a special master. ROYCE, Chancellor, rendered a decree for the petitioner, allowing the usury in payment of the debt. The master found in effect, that the defendant and ·H. B. Weeks, on the 1st day of March, 1872, executed a mortgage to the petitioner to secure a note given it for $3750, by the said Weeks, of the same date as the mortgage; that the note was given to secure the previous indebtedness of Weeks, and an old note secured on the same property; that there was a prior mortgage due one Evarts on the same premises amounting to $1679.40; that it had been foreclosed, and the order for redeeming would expire April 20, 1880; that unless the defendant pays the decree the orator would be obliged to redeem; that the cash value of the premises was $3500; that Weeks had paid to the orator quite an amount of usury; that he "makes no claim upon the orator for or on account of the extra or usurious interest so paid by him to the orator, and consents to its being

---

---

applied in this case if the law will so apply it "; that Weeks was adjudged a bankrupt August 31st, 1878 ; that the orator and defendant were petitioning creditors ; that proceedings for a composition in said matter were duly instituted, and a composition of fifteen cents on the dollar was duly passed and confirmed by the requisite number and amounts of the creditors of said Weeks, and confirmed by the court ; that the petitioner proved a debt as unsecured of $3500, against the Weeks estate ; that, " there was in fact included in said amount, as proved the sum of $2500, *which was a part of the note*" secured by the mortgage in question. The master also reported that the said defendant and Weeks were in partnership up to some time in 1874, and owned as partners the real estate described in this mortgage, and, also, a store and lot on Depot street in St. Albans ; that while they were in partnership this mortgage was executed ; that after the dissolution of said firm, in 1874, Weeks quit-claimed his interest in the real estate described in the mortgage in question to the defendant ; that the defendant quit-claimed his interest in the Depot street store to said Weeks ; that the defendant proved $1000 against the bankrupt estate of Weeks, which indebtedness was described by the defendant in the proof of his claim, as being " the difference between the value of my store on Main street (the property in question) less a mortgage to Jonathan Evarts of $1500, which is mortgaged to the First National Bank of St. Albans to secure a note of the said Weeks to said bank for about the sum of $3700, and the store-house on Depot street now occupied by said Weeks, upon which I have a mortgage to partially secure me for the mortgage to said bank, which difference in my judgment amounts to the sum of $1000 " ; that the orator voted upon his claim in favor of the composition ; that Weeks paid the fifteen per centum ; that the orator received it, and gave the following receipt :

DISTRICT OF VERMONT, ss. Whereas, the undersigned hold a claim against Hiram B. Weeks amounting to three thousand and five hundred dollars. And whereas, the U. S. District Court for said District, sitting in Bankruptcy, has duly confirmed a proposition of the said Hiram B. Weeks, to pay fifteen cents on the dollar of the claims against him in full discharge thereof. Therefore, I hereby acknowledge that I have re-

National Bank *v.* Wood.

ceived of said Hiram B. Weeks five hundred and twenty-five dollars, in full satisfaction and discharge of said claim. Witness my hand and seal this 5th day of December, A. D. 1878. (Signed and sealed ;)

that the defendant also voted on his claim in favor of the composition, and received the fifteen per centum ; that defendant did not sign the $3500 note—(only Weeks) ; that it was expected by all the parties, till Weeks failéd, that he would pay this mortgage and defendant, the mortgage on the Depot street property ; that the said receipt was signed by the orator for the purpose of showing a compliance with the bankrupt law in regard to the payment of the fifteen per centum, and for no other purpose.

*M. J. Hill*, for the orator.

The defendant was surety for Weeks ; he can, therefore, avail himself of the usury. *Ward* v. *Whitney*, 32 Vt. 89 ; 50 Vt. 105 ; 49 Vt. 400. This case is not like *Davis* v. *Converse*, 35 Vt. 503, where the principal appeared at the accounting and *claimed* the application for the benefit of the surety ; 32 Vt. 93. If Weeks claimed the usury it should have been urged in offset in the bankruptcy proceedings in the District Court. U. S. Sts. s. 5073. Effect of composition as to discharging the debt. *Scott & Co.* v. *Olmstead*, 52 Vt. 211 ; Bump's Bankr. 8 ed. pp. 617, 618, 726, 728 ; In re *Bigelow et al.*, 3 B. R. 629 ; *Cook* v. *Farmington*, 104 Mass. 212. The receipt is not a discharge. Pomeroy on Cont. s. 234 ; Story Eq. J. 168, 437.

*Wilson & Hall*, for the defendant.

The extra interest should be allowed the defendant. *Bank of Whitehall* v. *Lamb*, 50 N. Y. 95 ; *Bank* v. *Hale*, 59 N. Y. 53 ; 9 Wall. 362 ; *Wells* v. *Robinson*, ante, 202. The discharge of Weeks discharges Wood. Byles on Bills, 250 ; *Paddleford* v. *Thatcher*, 48 Vt. 574 ; *Ellis* v. *Allen*, Ib. 549 ; 50 N. Y. 374 ; Pars. on Cont. 1, 27. Effect of the bankruptcy proceedings. Byles on Bills, 250 ; In re *McDonald*, 14 N. B. R. 477 ; Reporter, 10, 696. It is an accord and satisfaction ;—a settlement. In re *Odell*, 16 N. B. R. 501 ; *Well* v. *Lampray*, 16 N. B. R. 205 ; *Miller* v. *McKenzie*, 13 N. B. R. 499. Did this property

belong to Weeks, his assignee could sell it free of encumbrance, and pay the orator the amount which it had voluntarily fixed as the value of its security.    Bump on Bankr. 174, 618 ;  In re *Trafton*, 14 N. B. R. 507.    As to the receipt, see *Paddleford* v. *Thatcher*, 48 Vt. 574.

The opinion of the court was delivered by

VEAZEY, J.    This is a petition to foreclose a mortgage executed by the defendant to secure a debt of one Weeks to the orator. The debt was evidenced by a promissory note of Weeks upon which he had made several payments of usury.    An answer was filed, and the cause referred to a special master to find and report the facts.    After stating his findings in respect to the payment of the usury and amount, he says : " I find that said W. B. Weeks makes no claim upon the orator for or on account of the extra or usurious interest so paid by him to the orator, and consents to its being applied in this case if the law will so apply it."

I.    The defendant claims that the usury paid should be applied in reduction of the lawful debt, and the orator resists it.    This usury was not included in the note, nor indorsed upon it when paid.    Weeks could recover it back.    If the master had found that Weeks appeared before him and requested that the extra interest he had paid should be applied in part satisfaction of the principal of the note, the case would be identical with that of *Davis* v. *Converse*, 35 Vt. 503.    This, as there held, would preclude Weeks from recovering the same by action, and would furnish conclusive record evidence for the orator's protection against any further claim.    Here Weeks waives his right to have the usury paid to him, and *consents* to the application on the debt, " if the law will so apply it."    The law is powerless—independent of Weeks.    The statute gives to the party paying the usury the exclusive right in regard to it.    Therefore, the law can only execute Weeks' will as expressed.    We think the term used not inappropriate, under the circumstances, to express his will, his desire that the usury be applied on the debt.    He consents to the application instead of claiming the usury himself.

But the orator insists that the record would not protect it against an action by Weeks for the usury, as the master has not found that he appeared in person and expressed his consent.

The *fact* of waiver of personal claim and consent to the application on the debt, is what would preclude Weeks from further recovery of the orator. That fact is found and reported by the master.

We do not understand that *Davis* v. *Converse, supra,* turned upon the point that the *fact* that the maker came before the master and claimed to have the usury payments applied toward the extinguishment of the mortgage debt, was a matter of record. It was the *existence* of the fact that constituted the ground of decision ; and being upon record the fact could be established by the record. We think the fact in this case is sufficiently entrenched to withstand any attack upon it. The fact is of such a character that the finding of it fairly implies the presence of Weeks before the master ; and it does not appear that he was not present.

II. It appears that in 1878 Weeks was adjudged a bankrupt on the petition of his creditors, and that the orator and defendant joined in the petition. In the bankruptcy proceedings the orator proved the debt, for the security of which the mortgage in question was given, as an unsecured debt. Weeks made a proposition of composition with his creditors, under the composition provision of the bankrupt act, which was accepted by the required number and amount of creditors, and the composition proceedings were fully carried out and cenfirmed by the District Court, and the estate was settled in that way. Both parties to this suit participated in the composition proceedings, accepted and received the amount offered, and gave receipts therefor and in discharge of Weeks.

The defendant now claims that the orator by proving his claim as unsecured, waived and lost his security under the mortgage in question.. There is no doubt but that where a debt secured upon the property of the bankrupt, is proved as unsecured, the assignee in bankruptcy may avail himself of the property constituting the

security, for the benefit of the estate ; but the authorities are not entirely consistent as to the effect of such proof as between the creditor and the bankrupt. But no such question is involved in this case. The orator's mortgage was not upon Weeks' property. Weeks alone signed the note ; and Wood gave a mortgage on his own property or what is now his own property to secure it. The debt belonged to Weeks to pay ; and it was the orator's right, and in a certain sense, its duty, to collect it of Weeks. The mortgaged property was unavailable to the assignee for the estate under any circumstances. The bankrupt had no right or interest in it, and consequently could transfer none to his assignee. It was for the interest of Wood that the orator should prove this debt, and under section 5070, R. S. (U. S.) the former could have had it proved if the latter had not. See *Wells* v. *Mace*, 17 Vt. 503, and cases cited under said section in BUMP. The only security which the bankrupt act requires a creditor to surrender before he proves his claim in order to participate in the dividends, of the estate is a " mortgage or pledge of real or personal property of the *bankrupt*." Section 5075, R. S. (U. S.) He may retain all other security he has, and may look to and exhaust all the sources of payment which he holds, until his claim is fully satisfied. This has been the uniform rule of the English and American courts in bankruptcy cases. Ex parte *Bennett*, 2 Atk. 527 ; Ex parte *Parr*, 18 Ves. 65 ; *English* v. *Braley*, 2 Bos. & Pul. 62 ; *The Merchants National Bank of Syracuse* v. *Comstock*, Court of Appeals (N. Y.) 11 Nat. B. R. 235 ; In re *Alexander*, 1 Lowell, 470 ; In re *Babcock*, 3 Story, 393 ; In re *Cram*, 1 Nat. B. R. 504 ; In re *Anderson*, 12 Nat. B. R. 502.

III. It is further insisted that the orator, by participating in the composition proceedings and giving a receipt discharging Weeks, thereby discharged Wood.

A composition under the provisions of the bankrupt law could take place only upon an adjudication that it was for the best interests of all parties that the proposition of compromise offered by the bankrupt should be accepted. Such adjudication was had in Weeks' case. Wood, who was a creditor, approved of that

method of settlement by participating in it. It did not require all the creditors to accept the offer in order for the settlement to be made in that way. It does not appear that the orator's acceptance of the offer was necessary to constitute the required number and value of creditors under the composition proceedings.

If the orator had not participated in the composition proceedings, one of two things would have happened ; *first*, they would have gone through without his aid if a sufficient number and amount of other creditors had joined therein, and this debt would have been thereby discharged as against Weeks ; or, *secondly*, the estate would have been settled by an assignee, and Weeks would have been entitled to a discharge however small the dividend might have been, this being an involuntary proceeding, Sec. 5112, *a*, R. S. (U. S.) The orator had other claims against Weeks which entitled him to join in the bankruptcy proceedings independent of this claim. It does not appear that the including of this claim to the amount of $2500, with the other claims of the orator, affected the result as to the discharge of Weeks ; but it benefited Wood to the extent of the percentage paid on this claim.

Composition proceedings in bankruptcy are only instituted in a cause pending. After a petition for adjudication of bankruptcy is filed, the statute provides for a settlement by the debtor with his creditors instead of having the estate settled by an assignee. But the composition must be the subject of adjudication. It is a proceeding in court. The object of the statute, which was an amendment after several years' experience under the other method of settlement by an assignee, undoubtedly was to cheapen and expedite proceedings in bankruptcy. Must a court of equity hold, under these circumstances, that the orator's participation in the composition proceedings, which was in the interest of the defendant and in good faith, would release the mortgage in question ? We think not. The grounds of distinction between this case and that of an ordinary compromise agreement between debtor and creditors, as in *Paddleford* v. *Thatcher*, 48 Vt. 574, are numerous and obvious.

The latter is a proceeding not in court, or the subject of judi-

32

cial determination before its validity is established, but rests purely in contract and is dependent upon the agreement of creditors, their mutual promises as between each other constituting the consideration of each. A creditor votes to accept a proposition of composition in bankruptcy, not upon condition that all the other creditors will do the same, but because he believes he will get more money on his debt by a settlement under the composition provisions of the statute than through the intervention of an assignee. There is no consideration for his vote. It is simply his expression of preference as between two methods of settlement of the estate, the action of the court being alike necessary to effectuate either. An affirmative vote of all creditors is not required in any case ; and if all vote affirmatively the court is not necessarily bound by it, but it " may refuse to accept or confirm the composition." Section 5103, R. S. (U. S.) Neither does the satisfaction and discharge of any debt depend on the vote of the holder thereof. If he vote negatively or not at all, his debt will be discharged the same, if the required number and amount of other creditors vote affirmatively, and the proceedings are ratified by the court, and his debt is included in the debtor's schedule filed. It is the action of the court that finally operates the discharge, and there would be none without such action.

The true idea of the composition provision of the bankrupt act was well expressed by WOODS, J., In re *Becket*, 12 Nat. B. R. 201, where he says it is a substitute for the ordinary proceedings and discharge under the act. This court refused to give a composition settlement any greater effect than a certificate of discharge in the case of *Scott* v. *Olmstead*, 52 Vt. 211, which involved the question of the effect of a composition upon a debt induced by the fraud of the bankrupt which would not have been discharged by a certificate of discharge.

This distinction between a composition *inter partes* and in bankruptcy is sustained in the case of In re *Merriman's Estate*, Nat. B. R. 411. The court there say : —" The composition is as to the assenting creditor both a voluntary act and an act of the law, but its efficiency is derived from the compulsory power of the law. The differences are radical between the nature of a composition

*inter partes* and of a bankruptcy composition ; the root of the differences is the fact that the entire proceedings for and in a bankruptcy composition are proceedings in bankruptcy, and are a part of a system for the compulsory division of assets which is administered by a court, while a composition *inter partes* derives its validity merely from the will of the parties." The Supreme Court of Massachusetts held in *Guild* v. *Butler*, 127 Mass. 386, that proceedings for composition under the statute " differ wholly in nature and effect from a voluntary composition which binds only those executing it."

A discharge of the principal debtor by virtue of a composition under the 126th section of the English Bankruptcy Act of 1869, the proceedings being substantially similar in character to composition proceedings under our bankrupt act, was held not to be a discharge of the surety, although the creditor expressly assented to the terms of the resolution. Ex parte *Jacobs*, L. R. 10 Ch. App. 211, overruling *Wilson* v. *Lloyd*, L. R. 16 Eq. Cas. 60 ; *Mcgrath* v. *Gray*, L. R., 9 C. P., 216.

The defendant in this case does not show any equitable defense. He does not even show that the action of the orator affected the result of the composition proceedings. He depends solely on the technical rule of the common law, that when a creditor discharges a principal he discharges the surety. We do not think the rule properly applies in this case. This case is distinguishable from that of In re *McDonald*, 14 Nat. B. R. 477, where it was held that the holder of a note, by assenting to the discharge of the maker in bankruptcy, without the consent of the indorser, thereby released the indorser. There the maker could not get a discharge without the consent of a certain portion of the creditors. Although the maker had gone through bankruptcy, and his estate was all distributed, he was still liable for the balance of his debts the same as before. The bankruptcy proceedings had simply resulted in the payment of a part of the debt. The relation and liability of the parties as to the remainder, was the same as before. The consenting to a discharge was a voluntary act solely in the interest of the bankrupt and against the interest of the indorser ; not an act of election between remedies under the statute to effectuate

the most beneficial result of the bankruptcy proceedings for all parties in interest.

IV.   We do not think that the paper called a receipt, given by the orator bank upon payment of the percentage offered in the composition proceedings, changes the legal attitude of the parties to this suit.   It was proper to show the circumstances under which that receipt was given ; indeed, they appear from the recitals in the paper itself.   The debt as to Weeks was satisfied and discharged by operation of law as a result of the composition proceedings in bankruptcy.   The receipt was unnecessary and was not given to operate a discharge.   It was given solely to enable the bankrupt to show the court in bankruptcy that he had complied with the order of the court as to payment of the composition offered.   His discharge was as effectual without the receipt as with it.   It was the payment under the sanction of the court that constituted the satisfaction and discharge of the claim.   The acknowledgment of having received the amount proposed, in the terms of the proposition which were pursuant to the statute, did not alter or enlarge the effect of the discharge.   This view of said receipt makes it unnecessary to pass upon the question of the authority of the cashier of the bank to discharge the mortgage security without payment of the debt in full.

V.   It is further claimed in behalf of the defendant that as the orator proved but $2500 of his debt of $3750, as unsecured, it thereby limited the value of the security to the balance above the amount proved, and should be limited to that amount now.   It does not expressly appear why the proof was not of the whole debt.   After deducting the lawful interest paid in advance at the time of the proof, and the usury paid, the amount due on the note was less than $3500.   The defendant proved a claim of $1000 against Weeks' estate, the debt being specified in the deposition of proof, as the difference in value between the property mortgaged by the defendant to secure Weeks' debt to the orator and the property mortgaged by Weeks to the defendant as security for his liability for Weeks.   The two claims proved gave the defend-

Cross v. Mann.

ant the benefit of all that he was entitled to out of Weeks' estate in bankruptcy. It is quite probable that this was the view taken at the time. It does not appear that the orator and defendant ever had any agreement about the value of the mortgaged property, and the report fails to show any ground of equitable defence growing out of the division that was made in the proof of this debt, between the parties to this suit.

The decree of the Court of Chancery is affirmed.