## PEOPLE'S BANK VS. ADELINE L. DALTON.

1. USURIOUS INTEREST—*May be Recovered Back*—The provision of our statute, regulating usury, which provides: "when a greater rate of interest has been paid than twelve per cent. per annum, the person paying it, or his personal representative, may recover the excess from the person taking it, or his personal representative, in an action in the proper court," is not contrary to public policy, but is valid and authorizes the recovery back of usurious interest paid, in excess of twelve per cent. per annum, the maximum legal rate.

*Error from the District Court of Kingfisher County.*

Action to recover usurious interest paid.    Affirmed.

*Kane & Jones*, for plaintiff in error.

*Noffsinger & Nagle*, for defendant in error.

The opinion of the court was delivered by

BIERER, J.: Adeline L. Dalton, the defendant in error, brought this action against George Newer. Fred War-

nicke and Rosa Smith, partners, doing business under the firm name of the People's Bank, on the 10th of July, 1893, to recover the usurious interest paid upon two certain promissory notes made by her to the People's Bank, that is, to recover all interest paid on said notes in excess of twelve per cent. per annum. The complaint was in two paragraphs and described the notes in detail and stated the amount of interest paid on each note, and showed that $105.19 in interest had been paid on said notes in excess of twelve per cent. per annum. To this complaint the defendant filed a general demurrer, on the ground that the complaint did not state facts sufficient to constitute a cause of action against the defendants. This demurrer was overruled. and the defendant failing and refusing to further plead, judgment was rendered in the plaintiff's favor for the sum of $105.19.

There is no claim made that the right to maintain this action is not given by our statute concerning usury, but the contention of plaintiff in error is, that that part of the statute which gives the party paying usurious interest the right to recover all of the interest paid in excess of twelve per cent. is contrary to public policy and void.

Section 9, art. 6, ch. 16, laws of Oklahoma, of 1893, which is the same provision as is contained in the laws of Oklahoma of 1890, is as follows:

"Sec. 9. A person taking, receiving, retaining, or contracting for any higher rate of interest than the rate of twelve per cent. per annum, shall forfeit all the interest so taken, received, retained or contracted for; it being the intent and meaning of this section not to provide a forfeiture of any portion of the principal. When a greater rate of interest has been paid than twelve per cent. per annum, the person paying it, or his personal representative, may recover the excess from the person taking it, or his personal representative, in an action in the proper court."

There is no contention that the first part of this statute prohibited the taking, receiving, retaining or contracting for usurious interest, is contrary to public policy, nor that statutes in general which regulate rates of interest and prohibit usury are contrary to public policy.

This claim seems scarcely to have been raised in this country during the last three-quarters of a century, since the very learned opinion of Chancellor Kent, in the case of *Dunham vs. Gould*, 16 Johns. 368, wherein such a contention would seem to have been forever set at rest, and wherein the learned chancellor showed that usury laws had been a part of the regulations of all nations and people, whether civilized or barbarian, for more than three thousand years, and have subserved the highest principles of public policy.

Since that decision the principal contention has been as to whether or not, in the absence of a statute giving to the person who has paid the usurious interest the right to recover it back, such right existed, and upon this question the courts have held both ways, many of the courts holding that this right existed at common law, and without a statute, and some of the courts holding to the other doctrine.

In the case of *Wheaton vs. Hibbard*, 20 Johns. 291, the supreme court of New York said:

"It is undeniable that a party who has paid excessive interest may, at common law, recover the excess, in an action for money had and received. The law considers the borrower rather as a victim than an aggressor. The statute prohibits usury, in order to protect needy and necessitous persons from the oppression of usurers, who are eager to take advantage of the distress of others, and who violate the law only to complete their ruin. In such a case, the maxim of *potior est conditio defendentus* has never been applied."

This was declared to be the law by Chancellor Kent

in *Palmer vs. Lord*, 6 Johns, ch. 95; also in *First National Bank of St. Albans vs. Wood*, 53 Vt. 491; and also in the case of *Mussleman vs. McElhany*, 23 Ind. 4.

In summing up the law on this question, Parsons on Contracts, vol. 3, p. 128, says:

"So, if he has paid money on a usurious contract, and sues for its repayment, it seems that he will recover so much as he has paid usuriously, but no more; that is, he will not recover the legal interest, which he has paid on a usurious contract. Courts were at first inclined to deny the right of a party paying usurious interest, to recover back any portion' of the money so paid, on the ground that both parties to such a transaction were *in pari delicto*, and the party paying the money parted with it freely, so that the maxim *volenti non fit injuria* would apply. But this is not so now, the rule being that above stated; and the distinction has been taken between statutes enacted on general grounds of policy and public expediency, in which each party violating the law is *in pari delicto*, and entitled to no assistance from a court of justice, and those laws enacted to protect weak or necessitous men from being overreached, defrauded, or oppressed, in which event the injured party may have relief extended to him, and the whole purport and reason, both of the law of usury and the great mass of decisions under it, indicate that the lender on usury is regarded as the oppressor and the criminal, and the borrower as the oppressed and injured."

Lawson in his recent work on the Principles of the American Law of Contracts, § 54, says:

"For instance, by the statutes of usury, taking more than a certain interest is declared illegal and the contract void; but as these statutes were made to protect needy persons from the oppression of usurers, the party actually doing what the law prohibits, viz: paying usury, may bring an action for the excess of legal interest."

And he cites ample authority to support this doctrine; and also gives the minority holdings on this question.

Thus it will be seen that even without the latter part of this section of our statute on usury we would have to hold against some of the best law of our country, if we held that a party paying usurious interest might not recover it back. If it is so in accord with public good, with public harmony, with public policy, that a person may not retain the tainted fruit of giving illegal vent to one man's cupidity and taking a prohibited advantage of another man's unfortunate necessity, how can it be held to be against public policy for the legislature to provide a statutory remedy for the redress of the wrong committed in taking usurious interest? Upon what principle of public policy can it be held that the legislature has a right to prohibit the doing of that which is universally declared to be wrong, and has no right to provide specific redress for the wrong? On what principle of public policy has the legislature the right, which is declared by the highest authority to be as universal as the laws themselves and as old as the ages, to prohibit the taking of interest beyond an amount which moral justice will permit and the unfortunate condition of the borrower can endure, and yet has not the right to give an ample remedy to prevent the open and constant violation of such enactment? If the legislature has the right, which is conceded, to prevent the taking of usurious interest, why has it not the right to give relief against the retaining of it? There is no principle of public policy that is violated in this enactment. The very idea of public policy is perverted when the assertion is made that this beneficial law of our statute providing for the recovery of usurious interest paid is contrary to public policy. Public policy is "the principles under which freedom of contract or private dealings is restricted by law for the good of the community." (Black's Law Dict.) It is also defined to be "that principle of the law which holds that no one can lawfully do that

which has a tendency to be injurious to the public or against the public good." (Am. & Eng. Ency. of Law, vol. 19, 565.)

This statute is adopted from the laws of Dakota, and was followed in that territory, and the same relief afforded as that claimed by defendant in error in this case, in the case of *Wood vs. Cuthbertson*, 3 Dak., 328.

This provision of our usury statute, however, is not an old principle recently enacted into the laws of this country. This old principle of the common law was enacted in New York, February 8, 1787. It was provided in that enactment that where a higher rate of interest shall have been paid than the limit provided by law, the borrower may recover back the excess in an action of debt, at law, within one year next after payment, and if such action was not brought within one year by the person paying the usury, it might then, within a year thereafter, be brought by any person, one moiety going to the person bringing the action and the other going for the use of the poor of the town where the offense was committed. (See *Palmer vs. Lord, supra.*)

Although this enactment has been statutory law in this country for a century, we are cited to no case where the parties have even had the hardihood to contend that it was an excessive exercise of legislative authority. The very authorities cited by the plaintiff in error recognize the right of the legislature to provide for the recovery of usurious interest paid.

The case of *Blain vs. Willson*, which is a decision cited from the supreme court of Nebraska, reported in 49 N. W. Rep., 224, is the latest case cited by the plaintiffs in error in support of their contention that usurious interest voluntarily paid cannot be recovered back. In this case the court held that the interest could not be recovered back because the statute regulating interest and defining usury only provided as a remedy that,

"if a greater rate of interest than is hereinbefore allowed shall be contracted for or received or reserved, the contract shall not, therefore, be void; but if, in an action on such contract, proof be made that illegal interest has been directly or indirectly contracted for, or taken or reserved, the plaintiff shall only recover the principal, without interest, and the defendant shall recover costs; and, if interest shall have been paid thereon, judgment shall be for the principal, deducting interest paid," and the court held that the legislature having provided this remedy, it was exclusive of all others.

The court said:

"The meaning of the statute is that the plea of usury can only be set up in a suit upon the usurious contract. The borrower can refuse to pay, and, when action is brought against him, he can plead his defense."

Again in this case the court says:

"While the courts of most of the states hold that, when usurious interest has been paid, it may be recovered, it will be found that the cases in which such holdings have been made arose under statutes which either expressly state or clearly imply that an action may be brought by the borrower to recover usurious interest paid. It is obvious that decisions, under statutes materially different from ours, are wholly inapplicable to the case now before the court. * * * * Usury is a creature of the statute, and it prescribes the remedy. * * * If the legislature had intended that usurious interest, voluntarily or involuntarily paid, should be collected, it would have so provided."

In that case the court clearly recognized the legislative right to provide a specific remedy, such as our legislature has, against the retaining of usurious interest paid.

The courts have gone much beyond what it is necessary for us to hold in this case, affirming the validity of this statute giving the right to recover back usuri-

ous interest paid, and hold that money paid under a prohibited contract may be recovered.

In the case of *Richardson vs. Kelley*, 85 Ill., 491, the court enforced a statute of that state passed in 1845, authorizing the recovery by an action of debt, detinue, assumpsit or trover, of any sum or sums of money, or other valuable thing, amounting in the whole to the sum of ten dollars, which shall be lost by playing at cards, dice, or any other game or games, which shall have been paid or delivered by the person losing, and held that a horse which had been lost on a wager on a race might be recovered without regard to whether it was voluntarily delivered up to the winner after being lost or not.

In the case of *Parkersburg vs. Brown*, 106 U. S. 487, the supreme court of the United States held that property delivered upon a prohibited contract could be claimed and recovered.

The court there said :

"To deny a remedy to reclaim it is to give effect to the illegal contract. The legality of that contract does not arise from any moral turpitude. The property was transferred under a contract which was merely *malum prohibitum*, and where the city was the principal offender. In such a case the party receiving may be made to refund to the person from whom it has received property for the unauthorized purpose, the value of that which it has actually received."

This was held without any statute specifically authorizing a recovery.

There is no foundation, either upon principle or authority, for the contention that the legislative enactment in question is contrary to public policy.

The judgment of the court below is affirmed, with costs against appellant.

Burford, J., not sitting; all of the other Justices concurring.