## MELTON v. SNOW.

No. 80.    Opinion Filed September 23. 1909.

(104 Pac. 40.)

USURY—Recovery of Usury Paid. Under section 4, c. 18, p. 186, Sess Laws Okla. T. 1897 (section 849, Wilson's Rev. & Ann. St. 1903), providing that " a person taking, receiving, retaining or contracting for any higher rate of interest than twelve per cent. per annum shall forfeit all the interest so taken, received, retained or contracted for; it being the intention or meaning of this section not to provide for a forfeiture of any portion of the principal," the party paying such excess interest may recover by suit from the party taking, receiving, or retaining the same all the interest so taken, received, or retained.

(Syllabus by the Court.)

*Error from District Court, Greer County; C. F. Irwin, Judge.*

Action by O. P. Melton against E. Snow. Judgment for de-

fendant, and plaintiff brings error.   Reversed and remanded, with directions.

On the 3d day of November, 1905, the plaintiff in error, as plaintiff, commenced his action against the defendant in error, as defendant, in the probate court of Greer county, Okla., declaring in the sum of $410, being for the recovery of usurious interest paid by the plaintiff to the defendant.   On the 5th day of September, 1906, judgment was rendered in said court in favor of the plaintiff against the defendant in said sum.   An appeal was prosecuted therefrom to the district court of Greer county, Okla. T., and thereafter by said court the demurrer of defendant to plaintiff's petition was sustained, leave being granted to file an amended petition.   On the 10th day of June, 1907, plaintiff filed said amended petition, alleging as his first cause of action that on the 27th day of May, 1903, he borrowed from the defendant the sum of $200, and the defendant contracted for, took, and received from the plaintiff the sum of $60 as interest for the use of said $200 from May 27, 1903, to August 24, 1903, said contract being evidenced by a certain promissory note made and executed by the plaintiff to the defendant in the sum of $260, dated May 27, 1903, and due August 24, 1903; that in consideration of said note the plaintiff received only the sum of $200; that the remaining $60 was interest charged and contracted for by the defendant, the same being greatly in excess of the legal rate of interest; that said amount of $260 was paid in full by the plaintiff to defendant in June, 1903, and by reason thereof the defendant is indebted to the plaintiff in the sum of $60.

As his second cause of action the plaintiff further alleged that on the 14th day of December, 1903, he borrowed from the defendant the sum of $1,200, payable April 7, 1904; that the defendant contracted for, took, and received from the plaintiff as interest for the use of said $1,200 for said time the sum of $350, the same being in excess of the legal rate of interest; that said tract was evidenced by a certain promissory note made by plain-

tiff to defendant for the sum of $1,550. dated December 4, 1903, and payable April 7, 1904; that the plaintiff received in consideration of said note only the sum of $1,200, the remaining $350 being interest contracted for by the defendant; that said note was paid in full by the plaintiff to the defendant on or about January 1, 1905, by reason of which the defendant is indebted to the plaintiff in the sum of $350; that copies of said notes could not be set out in or attached to the respective counts or causes of action, for the reason that the originals were in the hands of the defendant, and he was accordingly thereby notified to produce the same on the trial of said cause, or, in lieu thereof, evidence would be introduced as to the contents of the same. It is further alleged that said usurious sums of money paid as interest were paid under protest; that the defendant had a mortgage on plaintiff's home and other property greatly in excess of said amounts, and was threatening to foreclose said mortgage, and sacrifice plaintiff's property, unless said notes were paid; that plaintiff paid said sums because of said threats of the defendant, and thereby the defendant is indebted to the plaintiff for such excess interest in the sum of $410, etc.

*Stewart & Robinson,* for plaintiff in error.—Citing: *Baum v. Thoms,* 150 Ind. 378; *People's Bank v. Dalton,* 2 Okla. 476; *Bexar, etc.,Ass'n v. Robinson,* 78 Tex. 163; *Wheaton v. Hibbard,* 10 Johns. (N. Y.) 391; *Bank v. Wood,* 53 Vt. 491; *Mussleman v. McAlhaney,* 23 Ind. 4.

*J. A. Powers,* for defendant in error.

WILLIAMS, J. (after stating the facts as above). Article 2, c. 14, p. 94, Sess. Laws Okla. T. 1895, provides:

"Section 1. Under an obligation to pay interest, no rate being specified, interest is payable at the rate of seven per cent. per annum.

"Sec. 2. Section 6, 7, 8 and 9 of article 6, chapter 16, of the compiled laws of 1893, entitled 'Contracts,' are hereby repealed." (Approved February 21, 1895.)

Section 1, c. 14, p. 93, Sess. Laws Okla. T. 1895, provides:

"That section 10, of article 6, of chapter 16, Oklahoma Statutes, be, and the same is hereby amended so as to read as follows: (section 10) All judgments of courts of record and justices of the peace shall bear interest from the day on which they are rendered at the rate of seven per cent. per annum: Provided, that when a rate of interest is specified in any contract, that rate shall continue until full payment is made, and any judgment rendered on any such contract shall bear the same rate of interest mentioned in the contract, which rate shall be specified in the judgment; but in no case shall such rate exceed twelve per cent. per annum: Provided, that if the contract rate be greater than twelve per cent. per annum, said judgment shall bear interest at the rate of twelve per cent. per annum, but such interest must not be compounded in any manner or form." (Approved March 8, 1895.)

The session of the Legislature of 1897 passed general laws relating to interest (sections 1, 2, 3, 4, 5, 6, 7, c. 18, pp. 186, 187, Sess. Laws Okla. T. 1897), providing (1) that under an obligation to pay interest, no rate being specified, interest is payable at the rate of 7 per cent. per annum, and in like proportion for a longer or shorter time, but in the computation of interest for less than a year 360 days are deemed to constitute a year; (2) when there is not an express contract in writing fixing a different rate, interest is to be at the rate of 7 per cent. per annum; (3) interest not exceeding one year may be deducted in advance; (4) party taking, receiving, retaining, or contracting for a higher rate of interest than 12 per cent. per annum shall forfeit all the interest so taken, received, retained, or contracted for, it being the intent and meaning of said section not to provide for a forfeiture of any portion of the principal; (5) article 2, c 14, Sess. Laws 1895, repealed; (6) all acts and parts of acts in conflict with said act repealed. Under the provisions of section 9, art. 6, c. 16, p. 223, St. Okla. T. 1893 (section 891), when a greater rate of interest had been paid than 12 per cent. per annum, the person paying it or his personal representative might recover the excess from the person taking it, or his personal representative, in an action in the proper court. *People's Bank v. Dalton*, 2 Okla. 476, 37 Pac. 807; *Wood v. Cuthberson*, 3 Dak. 328, 21 N. W. 3; *Robison v.*

*McKinney,* 4 Dak. 290, 29 N. W. 658. Said section 9, art. 6, c. 16, p. 223, St. Okla. T. 1893 (section 891), was repealed by act of the Legislature of said territory, *supra,* approved February 21, 1895, Sess. Laws 1895, p. 94, c. 14, § 2 (*Seawell v. Hendricks,* 4 Okla. 439, 46 Pac. 557), but said provisions for the recovery of the excess interest of section 9 (section 891) was merely declaratory of the common law in force in said territory (section 4200, Wilson's Rev. & Ann. St. 1903), and said section 4, c. 18, p. 186, Sess. Laws Okla. T. 1897 (section 849, Wilson's Rev. & Ann. St. 1903), providing that "a person taking, receiving, retaining, or contracting for any higher rate of interest than twelve per cent. per annum shall forfeit all the interest *so taken, received, retained, or contracted for* (italics ours), it being the intent and meaning of this section not to provide for a forfeiture of any portion of the principal," has the effect of re-enacting a more comprehensive penalty than was provided for by section 9, art. 6, c. 16, p. 223, St. Okla. T. 1893 (section 891). There the aggrieved party or his personal representative might recover the excess—that is, the amount of interest in excess of 12 per cent.—from the person taking it, or his personal representative, in an action in the proper court.

Now, how could a forfeiture be made effective where the interest had been so taken, received, or retained for a rate in excess of 12 per cent. per annum, except by an action by the party, or his personal representative, who paid the same against the party taking, receiving, or retaining the same, or his personal representative, recover all of such interest? It may be suggested that in some instances the state, and in others the complaining party, recovers the forfeiture or penalty. But we may look to the history of usury laws for the purpose of construing this statute. At common law the borrower who had paid more than the legal rate of interest had the right to recover such excess of interest in an action of *assumpsit. Baum v. Thoms,* 150 Ind. 378, 50 N. E. 357, 65 Am. St. Rep. 368; *Bexar Bldg. & Loan Association v. Robinson,* 78 Tex. 163, 14 S. W. 227, 9 L. R. A. 292, 22 Am. St. Rep.

36; *Wheaton v. Hibbard,* 20 Johns. (N. Y.) 291, 11 Am. Dec. 284; *Palmer v. Lord,* 6 Johns. Ch. (N. Y.), 95; *Dunham v. Gould,* 16 Johns. (N. Y.) 368, 8 Am. Dec. 323; *Bank v. Wood,* 53 Vt. 491; *Mussleman v. McAlhaney,* 23 Ind. 4, 85 Am. Dec. 445; *People's Bank v. Dalton,* 2 Okla. 476, 37 Pac. 807. If the Legislature of Oklahoma Territory (Sess. Laws 1895, p. 94, c. 14, § 2) in repealing section 9, art. 6, c. 16, p. 223, St. Okla. T. 1893 (section 891), providing that, "when a greater rate of interest has been paid than 12 per cent *per annum* the excess of such interest may be recovered by the party paying the same," at the same time removing any limitation from the rate by contract, and afterwards enacting section 4, c. 18, p. 186, Sess. Laws 1897 (section 849, Wilson's Rev. & Ann. St. 1903), providing for a forfeiture of the entire interest, when a usurious rate was taken, received, retained, or contracted for, had intended whilst it was re--enacting a greater forfeiture or penalty than existed by virtue of said section 9, or the provisions of the common law, to provide for such forfeiture or penalty to be recovered other than by the party paying the same, the presumption is that it would have expressly or clearly so indicated, and, in case of doubt, it is to be assumed that there was no such intention or change of policy. But we are further strengthened in this view from the language of the section, wherein it is provided that "the person taking, receiving, retaining, or contracting for any higher rate of interest than twelve per cent. per annum shall forfeit all the interest so taken, received, retained or contracted for." Now, if the party has contracted for a greater rate of interest, that means, in connection with the use of the term, that he has neither taken, received, nor retained it; and to whom would he forfeit that interest that he had contracted for? Neither having taken, received. nor retained it, he could not forfeit it to any third party, and it necessarily means that in attempting to enforce that contract for such excessive interest on proper plea by the party agreeing to pay

Vol. 24—50

the same or with whom the contract had been made for such excessive rate of interest the same shall be forfeited in his favor.

It follows that the lower court erred in sustaining the demurrer to both counts of plaintiff's petition. The judgment of the lower court is accordingly reversed, and the case remanded with instruction to set aside the order sustaining said demurrer and to overrule the same, and proceed in accordance with this opinion.

All the Justices concur.