SPEED et ux. v. FARISS et al.

No. 29895.   May 6, 1941.

Rehearing Denied May 27, 1941.

*113 P. 2d 595.*

Claude Weaver, of Oklahoma City, for plaintiffs in error.

Willingham & Fariss, of Oklahoma City, for defendant in error E. A. Fariss.

HURST, J. This is an action by the plaintiff E. A. Fariss against the defendants, Thelma Higgins, T. P. Higgins, Ira Speed, and Mrs. Speed, to quiet title to, and to recover possession of, residence property in Oklahoma City.

The facts out of which the action arose are these: Thelma Higgins and T. P. Higgins, on February 11, 1939, executed and delivered to N. S. Corn a note secured by a second mortgage on said residence property. The mortgage provided that if the taxes and assessments against the property were not paid before they became delinquent, the mortgagee could elect to declare the whole sum due and proceed to foreclose the mortgage. The taxes and assessments not being paid before they became delinquent, the mortgagee paid the same

and elected to declare the whole sum due and instituted foreclosure proceedings. Thereafter the mortgagor and his wife and the mortgagee and his wife entered into an escrow agreement pursuant to the terms of which a deed covering said property from the mortgagors to the wife of the mortgagee was placed in escrow, and by the terms of the escrow contract it was provided that the mortgage foreclosure suit should be dismissed without prejudice, and that the taxes so paid by the mortgagee and an installment on the first mortgage would be paid by August 1, 1939, and that in the event such payments were not made the escrow holder should deliver said deed to the mortgagee and the deed should operate as a full and complete conveyance and also as a cancellation of any and all sums due upon the note and mortgage. The escrow contract also provided that if the mortgagors should in the future become delinquent in any obligation or condition called for in the note and mortgage for a period of 30 days, the escrow holder should deliver said deed to the mortgagee. The escrow agreement further provided that "this escrow agreement is not to be treated or considered as a mortgage, but an agreement to convey said property for a valuable consideration, and the cancellation in full of said indebtedness."

The mortgagee and his wife assigned the note, mortgage, and escrow agreement to Roy M. Smith, who in turn assigned the same to the plaintiff Fariss. On July 5, 1939, Higgins and wife, by quitclaim deed, conveyed the property to Ira Speed and delivered him possession of the same. Said deed recited that it was made subject to the mortgages and escrow contract. The mortgagors as well as Speed failed to comply with said escrow agreement, and on August 3, 1939, the escrow holder delivered said deed to the plaintiff, and on August 10, 1939, this action was commenced. Higgins and wife filed an answer admitting that they entered into the escrow agreement as alleged, and alleged that they are entitled to have the note and mortgage canceled and adjudged to

be fully paid. Speed and wife answered admitting the execution of the instruments aforesaid, and alleged that the escrow transaction was in fact a mortgage and that they had an equity of redemption in the property.

The cause was tried without the intervention of a jury, and the court found the issues generally for the plaintiff, and specifically found that the escrow agreement was not intended as a mortgage but as a sale of the property, and entered judgment accordingly. Speed and his wife appeal.

1. It is first contended by appellants that the court committed error in finding that the parties to the escrow contract intended the transaction as a sale of the property and not as a mortgage. We are of the opinion that the finding of the court is not against the clear weight of the evidence. The intention of the parties in a case of this kind is to be determined from all the facts and circumstances and not necessarily by what the contract says. Moore v. Beverlin, 186 Okla. 620, 99 P. 2d 886. Here, neither party to the escrow contract contends that the parties intended it to be a renewal or extension of the mortgage. The assignee of the mortgage treated it as a contract of sale and took down the deed from the escrow holder after breach of the conditions. The mortgagors filed an answer demanding the surrender of the note and the mortgage, thus showing their understanding that the debt was extinguished under the terms of the escrow contract. At the time Higgins conveyed, by quitclaim deed, the property to Speed, Higgins had some 30 days within which to comply with the terms of the contract and was entitled to possession of the property during that time. Speed did not assume the mortgage debt and is in no position to claim that the parties intended the transaction to be other than a sale. It appears that on August 1, 1939, Speed made a conditional tender, but there is a dispute as to whether it was sufficient to pay the amounts required by the escrow agreement. He demanded a return of the escrow deed before he would make the payments, and this was contrary to the terms of the contract. We think the court was justified in finding that the escrow agreement was breached by Speed.

2. The appellants next contend that the escrow contract is void and is violative of sections 9488 and 10946, O. S. 1931, 15 O. S. A. § 213, and 42 O. S. A. § 11. We find no merit in this contention. The escrow transaction took place after the debt had, under the acceleration clause, become due. The contract provided no penalty in violation of section 9488. Nor does the contract provide for the forfeiture of property in violation of section 10946. See Moore v. Beverlin, above.

Judgment affirmed.

CORN, V. C. J., having certified his disqualification, Hon. F. R. BLOSSER, was appointed Special Justice to sit in his stead.

OSBORN, BAYLESS, GIBSON, and DAVISON, JJ., concur. BLOSSER, Sp. J., concurs in conclusion. WELCH, C. J., and RILEY and ARNOLD, JJ., absent.