STALLINGS v. LITTLE et al.

No. 30527. Oct. 13, 1942.

Rehearing Denied Nov. 10, 1942.

*130 P. 2d 525.*

A. K. Little and Byrne A. Bowman, both of Oklahoma City, for plaintiff in error.

C. C. Hatchett, of Durant, for defendants in error Quintin Little and D. B. Tilson.

R. T. Stinson, of Durant, for defendants in error American Life Insurance Company and American United Life Insurance Company.

HURST, J. This is an action by the plaintiff, J. O. Stallings, to recover possession of, and to quiet title to, a farm in Bryan county. The trial court sustained separate motions for judgment on the pleadings in favor of the defendants, and plaintiff appeals.

The facts, as stated in the pleadings, are these: On January 10, 1921, Stallings and wife executed and delivered to Northern Assurance Company a mortgage covering the land in question to secure a loan of $10,000. Said mortgage was later assigned to American Life Insurance Company. The mortgage became in default. Stallings being unable to pay the interest and taxes on the property or the debt, he and his wife entered into a contract with the American Life Insurance Company whereby it was agreed that in satisfaction of the mortgage debt they would convey the land to the American Life Insurance Company, pay the company $500, and secure the release of a second mortgage for $2,000. This agreement was fully consummated, and on December 16, 1927, Stallings and his wife executed and delivered to the company a warranty deed covering the land, the deed reciting a consideration of $1 and "for cancellation." On the same day the American Life Insurance Company, by a written contract, leased the land for agricultural purposes for 1928 to Stallings. Later the company conveyed the land to others, taking back a mortgage from one grantee for part payment of the purchase price. All parties claiming an interest in the land were made parties defendant in the present action.

The plaintiff does not allege or contend that said deed was intended as a mortgage or that the same was obtained as a result of any fraud, oppression, or undue advantage. His sole contention is that the deed is void as being against public policy by reason of the provision of 42 O. S. 1941 § 11 and 12 O. S. 1941 § 686, which, he contends, prevent a mortgagee from acquiring title from the mortgagor by voluntary sale and without foreclosure proceedings in court.

1. 42 O. S. 1941 § 11, which is the same as section 10946, O. S. 1931, was fully discussed in the recent decision

in Moore v. Beverlin, 186 Okla. 620, 99 P. 2d 886, and the authorities were there cited and analyzed. We there reached the conclusion that said section does not prevent a mortgagee from purchasing the mortgaged premises from the mortgagor, provided the transaction is free from fraud, oppression, and undue advantage on the part of the mortgagee. The case was followed in Speed v. Fariss, 189 Okla. 84, 113 P. 2d 595. Under the rules laid down and followed in those decisions, the first contention is without merit.

2. The second contention is that the sale of the mortgaged property in payment of the mortgage debt, without a judgment of a court of competent jurisdiction, is prohibited by that part of 12 O. S. 1941 § 686 which reads as follows:

"No real estate shall be sold for the payment of any money or the performance of any contract or agreement in writing, in security for which it may have been pledged or assigned, except in pursuance of a judgment of a court of competent jurisdiction ordering such sale."

This provision is found in the Code of Civil Procedure in the chapter on "Judgments." It was in the Kansas Code at the time our Code was adopted from Kansas. In Amos v. Livingston, 26 Kan. 106, it was held that "there is no legal inhibition on a mortgagor selling the mortgaged property to the mortgagee in satisfaction of his debt," although this statute was not referred to. Similar statutory provisions are found in many of the states. 41 C. J. 833 § 1012. The plaintiff refers us to no decision construing this or a similar statute to prevent the mortgagee from purchasing the mortgaged premises by a fair contract entered into after the mortgage is given. Oregon has a similar statute (Thompson v. Marshall, 21 Ore. 171, 27 P. 957), yet it is held in that state that such a purchase is not invalid. Caro v. Wollenberg, 68 Ore. 420, 136 P. 866.

It is our opinion, and we hold, that said provision refers to the forced sale of mortgaged or pledged property to satisfy the debt secured thereby, not to a conveyance made pursuant to a voluntary settlement, fairly entered into, between the mortgagor and mortgagee in satisfaction of the mortgage debt, and in order to avoid the expense, delay, and hazard of foreclosure proceedings.

Since the debt was here liquidated voluntarily, we need not now do more than call attention to the apparent conflict between the quoted statutory provision and 60 O. S. 1941 § 198.

In view of our decisions on the above points, we need not discuss the other contentions made by the parties.

Affirmed.

WELCH, C. J. (specially), and GIBSON, DAVISON, and ARNOLD, JJ., concur. CORN, V. C. J., and RILEY, OSBORN, and BAYLESS, JJ., absent.

WELCH, C. J. (specially concurring). I agree with the rules of law announced in the syllabus and with the conclusion affirming. However, I do not believe this decision is soundly supported by the cited cases, Moore v. Bevelin and Speed v. Fariss, which cases are definitely distinguished upon the difference in fact and controlling rules of law. Nevertheless, I am satisfied the conclusion here is sound and is well supported by other authorities. See Haynes v. Rosenfield, 99 Okla. 158, 225 P. 975; Wagg v. Herbert, 19 Okla. 525, 92 P. 250, and Seawell v. Hendricks, 4 Okla. 435, 46 P. 557, and Doggett v. Johnson, 82 Mont. 338, 267 P. 292, and Watson v. Edwards, 105 Cal. 70, 38 P. 527.