HENDERSON v. GUEST et al.

No. 32318. Sept. 17, 1946.

*172 P. 2d 605.*

444

J. G. Clift, of Duncan, for plaintiff in error.

Arthur J. Marmaduke, of Duncan, for defendants in error.

GIBSON, C. J. The parties to this appeal occupy the same relative position as in the trial court, and will be referred to as plaintiff and defendants, respectively.

This action was brought by plaintiff as payee to recover judgment on note in the principal sum of $2,250, with interest, against defendants, makers thereof, and for foreclosure of chattel mortgages given to secure the same. The only defense interposed was that the note was void and unenforceable for want of consideration. The cause was submitted to the court without intervention of a jury and defendants were awarded judgment, from which plaintiff prosecutes this appeal.

There is no dispute as to the material facts, and the question here is whether the judgment is supported by the evidence.

On December 5, 1941, the plaintiff and defendant J. A. Guest entered into a written contract wherein, among other things, it was provided that plaintiff sold to defendant a lot with building thereon situate in the city of Duncan for a consideration evidenced by note of $9,000, with interest at 7% payable in 108 equal monthly installments and to be secured by mortgage upon the premises conveyed. It is therein declared that it was the intention of the purchaser to remodel the building on the premises in specified particulars and at a cost of not less than $4,000. And therein the purchaser guaranteed to make such improvements, also to not permit or suffer any liens to be filed against said property because of such improvements, and not to place a second mortgage or lien thereon to secure the cost of such improvements, and, further, to place in escrow in a designated bank before execution and delivery of deed to premises the sum of $4,000 to be used in payment for materials and labor.

On December 30, 1941, the deal was consummated by plaintiff conveying to J. A. Guest the premises and Guest delivering his note in the sum of $9,000 and mortgage to secure it. By the terms of the note it was to be paid in monthly installments of $85 to be applied on principal and interest to date of each monthly installment on unpaid balance. The total of the initial payment was $137.50 and each succeeding payment would be 50 cents less than the one next preceding. Nine consecutive payments were made, the last on September 14, 1942, aggregating the sum of $765 credited on the principal of the note and $454.50 accrued interest.

Shortly after the last payment defendants, being then involved in an indebtedness of approximately $14,000 on account of material and labor used, which indebtedness had become urgent, and being unable otherwise to handle it, negotiated with a loan company for a loan upon the premises. Such loan was procurable only on basis of a first mortgage upon the premises which would necessitate the previous retirement of plaintiff's mortgage, and hence the amount of the loan agreed to be made was $22,500, an amount sufficient to pay the material and labor indebtedness and the balance owing on plaintiff's mortgage.

Upon being approached, plaintiff declined to accept a cash payment of the amount owing and emphasized as a basis for the refusal that by reason of

his having theretofore taken all allowable depreciation on the property the cash payment to him would be accounted as income and by reason thereof the amount of his income tax for the current year would, according to the advice of his income tax expert, be increased by about $2,650, thus entailing a loss plaintiff was unwilling to take. Thereupon, and as inducement to the plaintiff to accept in cash the balance of principal then owing and accrued interest in settlement of said mortgage and releasing it, the defendants executed their note for $2,250, which is the basis of this action, and plaintiff, relying thereon, accepted payment of the balance of the $9,000 note and released the mortgage securing its payment.

The trial court, after finding that there was no oral agreement between the plaintiff and defendants that the latter might pay the mortgage note at any time and that the note and mortgage contained all the agreement between the parties, further found as basis for judgment the following:

"The court further finds that the consideration for the note sued on herein was the payment of the income tax of the plaintiff, and that the payment of such income tax by the defendants is not a sufficient consideration for said note; and the court therefore finds that said note sued on was made without consideration and is unenforceable."

The judgment is erroneous. The controlling predicate for judgment is to be found in the fact, recognized by the court, that payment of the $9,000 note was not yet due and the mortgage contained no provision which authorized the maker to anticipate the payments provided for in the note.

The generally accepted rule is stated in Jones on Mortgages (7th Ed.) vol. 2, sec. 888, as follows:

"Payment before the law day cannot be enforced by either party. When a mortgage is payable at a day certain, while on the one hand the mortgagor cannot be called upon before that day to make payment, on the other the mortgagee cannot be called upon before that day to receive payment; . . . "

Therefore, in the instant case the defendants, in order to obtain a benefit which they could not in legal right demand, contracted with plaintiff to forego his right to decline payment of installments not yet due, and the transaction comes clearly within the provisions of 15 O.S. 1941 § 106, wherein a good consideration is defined, as follows:

"Any benefit conferred, or agreed to be conferred upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered or agreed to be suffered by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise."

The judgment of the trial court is reversed and the cause is remanded, with direction to award plaintiff judgment on the note, and such other relief as may be proper.

HURST, V.C.J., and RILEY, BAYLESS, WELCH, and DAVISON, JJ., concur.