528 So.2d 1276 (1988)
Alexander C. MacINTYRE, Appellant,
v.
Clifford B. HARK, As Personal Representative of the Estate of Allen T. Kennedy, Appellee.
No. 87-3016.
District Court of Appeal of Florida, Third District.
July 26, 1988.
Adams, Hunter, Angones, Adams, Adams & McClure and Christopher Lynch and Douglas W. Barnes, Miami, for appellant.
Clifford B. Hark, in pro. per.
Before NESBITT, DANIEL S. PEARSON and JORGENSON, JJ.
NESBITT, Judge.
This is an appeal from a final summary judgment entered in an action for declaratory relief. We reverse.
Clifford B. Hark, personal representative of the estate of Allen T. Kennedy, brought this action after a dispute developed between him and the appellant, Alexander C. MacIntyre, as to whether the terms of a $100,000 note on a mortgage deed executed by Kennedy in favor of MacIntyre, permitted prepayment without penalty prior to *1277 five years from the date of execution. The relevant part of the note reads:
After five (5) years this mortgage may be paid in full upon payment of a premium of 3% of the unpaid principal balance. After six (6) years this mortgage may be paid in full upon payment of a premium of 2% of the unpaid principal balance. After seven (7) years this mortgage may be paid in full upon payment of 1% of the unpaid principal balance. After eight (8) years this mortgage may be prepaid without penalty.
The trial court ruled that since the note failed to specifically state that a prepayment penalty would apply if the note were satisfied before the end of the fifth year, there would be no penalty if it were paid off before that time. MacIntyre appeals.
The statute to be construed is section 697.06, Florida Statutes (1987) which states, "Any note which is silent as to the right of the obligor to prepay the note in advance of the stated maturity date may be prepaid in full by the obligor or his successor in interest without penalty." MacIntyre contends that since the note contains specific prepayment provisions, the statutory presumption of a right to prepayment without penalty is rebutted. Hark, on the other hand, asserts that since the note is silent as to prepayment before the end of the fifth year, it can be paid in full without penalty up to that time.
The common law rule regarding prepayment of mortgage indebtedness is that, in the absence of a provision permitting prepayment, the presumption exists that the payee is under no obligation to accept payment prior to maturity. See Henderson v. Guest, 197 Okla. 443, 172 P.2d 605 (1946); 59 C.J.S. Mortgages § 447 (1949); 10 C.J.S. Bills and Notes § 462 (1938). Section 697.06 was enacted to limit that rule. This court, in determining the extent to which the statute limits the common law, is bound by the well-settled rule of construction that a statute in derogation of the common law must be strictly construed. Carlile v. Game & Fresh Water Fish Comm'n, 354 So.2d 362 (Fla. 1977). Section 697.06 states that no penalty may be charged if the note is silent as to a penalty for full payment made "in advance of the stated maturity date." The fact that the note at issue fails to delineate a penalty for prepayment for that period of time prior to five years from execution does not automatically bring the note within the strictures of section 697.06. The note, when read as a whole, specifically states that certain penalties will be assessed for prepayment before the date of maturity. Consequently, the note falls outside the provisions of section 697.06, and Hark, as Kennedy's personal representative, may not prepay the note before the sixth year, see Nacron v. General Amer. Life Ins. Co., 516 So.2d 41 (Fla. 3d DCA 1987), unless he agrees to pay the entire balance of principal and interest.
Accordingly, the order of the trial court is reversed.