**In re William Riley RANDALL, SSN 443–52–4864, Doris Ann Randall, SSN 562–52–3642, Debtors.**

**Bankruptcy No. 89–70016.**

United States Bankruptcy Court, E.D. Oklahoma.

May 18, 1989.

Michael T. Braswell, Oklahoma City, Okl., for debtors.

Lawrence A.G. Johnson, Tulsa, Okl., for Jim Walters Homes, Inc.

## ORDER

JAMES E. RYAN, Bankruptcy Judge.

On March 8, 1989, a Motion to Dismiss filed by Creditor Jim Walters Homes, Inc. and an accompanying Response by the Debtors came before this Court for hearing in the above referenced Chapter 13 case. At the time of the hearing, the Court conducted a status conference, establishing that the issues involved were entirely legal in nature and could be resolved on Stipulations of Fact and legal Briefs. Although the Stipulations were ordered to be jointly entered into between the parties, each litigant filed separate Stipulations. As a result, those Stipulations which differ between the parties shall not be considered in this Court's decision. The simultaneous legal Briefs were timely filed by the parties.

After review of the Stipulations and Briefs filed by the respective parties, this Court enters into the following Findings of Fact in this core proceeding:

## STATEMENT OF ISSUE

At issue in the creditor's Motion to Dismiss is: (a) whether the creditor Jim Walters Homes, Inc. possesses a "claim" as envisioned by the Bankruptcy Code, thereby rendering it eligible for treatment under the Debtors' Chapter 13 Plan; and (b) if the creditor does in fact have such a claim, whether the Debtors must treat the entire sum due and owing over the term of the Chapter 13 Plan.

1. The Debtors named herein filed for relief under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Western District of Oklahoma on June 25, 1982 (Case No. 82–01177).

2. Within that Bankruptcy proceeding, Debtors listed on their Chapter 7 schedules the homestead property at issue herein as exempt. No objection was filed to this claim of exemption.

3. The Debtors were discharged in the Chapter 7 proceeding on September 17, 1982. Debtors have remained in continuous possession of the subject property since the date of discharge.

4. Creditor Jim Walters Homes, Inc. caused to be entered an in rem judgment in the District Court of Okfuskee County, Oklahoma against the subject homestead property in the principal amount of $35,-431.76, with an award of attorney's fees of some $2,000.00 and Court costs accruing in the amount of $205.00. A timely appeal from that judgment is currently pending before the Supreme Court of and for the State of Oklahoma.

5. The Debtors commenced the current Chapter 13 Bankruptcy in this District on January 5, 1989. The Debtors have likewise claimed the subject real property as exempt under Okl. Stat. tit. 31, § 1 A (West Supp.1989) as homestead.

6. Movant/creditor Jim Walters Homes, Inc. contends, first, that it does not hold a "claim" as defined under the United States Bankruptcy Code, as such a right to payment was discharged in the Chapter 7 Bankruptcy and thus no longer exists. As such, creditor argues that the Debtors may not treat the amount owed under a payout through the Debtors' Chapter 13 Plan. In addition, creditor argues that if such an amount is allowed as a claim against the estate, the entire amount owed to Jim Walters Homes, Inc. pursuant to its State Court Judgment must be treated over the term of the Plan.

7. The Debtors contend in response that the creditor does indeed hold a claim under the broad definition established by the Bankruptcy Code. In addition, Debtors argue that they should be allowed to "deaccelerate" their mortgage, curing any default owed and reinstating the original payment plan under the contractual terms established between the parties pre-Petition.

**710**

CONCLUSIONS OF LAW

A. The initial issue requiring resolution in this case involves whether the creditor Jim Walters Homes, Inc. does have a "claim" which would allow treatment under the Debtors' Chapter 13 Plan. The Bankruptcy Code clearly set forth those obligations which give rise to a "claim." A claim is defined at 11 U.S.C. § 101(4)(A) and (B) as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured."

■ Regardless of whether the obligation owed to creditor Jim Walters Homes, Inc. was indeed discharged in the prior Chapter 7 proceedings, it is clear that this creditor possesses at least a "right to payment" pursuant to the in rem judgment obtained in State Court. "A claim may include a creditor's encumbrance against property of the estate, although there is no in personam liability against the debtor." *In re Lewis*, 63 B.R. 90, 92 (Bankr.E.D.Pa. 1986); *In re Klapp*, 80 B.R. 540, 541 (Bankr.W.D.Okla.1987); *Downey Savings and Loan Association v. Metz*, 820 F.2d 1495, 1498 (9th Cir.1987). Thus, we hold that creditor Jim Walters Homes, Inc. does indeed have a claim which may be treated under the Debtors' Chapter 13 Plan.

■ B. The next issue requiring this Court's attention in this matter is whether or not the debt owed Jim Walters Homes, Inc. may be "deaccelerated" and thereby allow the Debtors to cure the default under the Plan and resume mortgage payments as set forth in the original mortgage entered into between the parties. This Court must apply the laws of the State of Oklahoma in determining the property rights of the assets in this Bankruptcy estate. See *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). Since the Debtors allowed the matter to proceed to judgment, under Oklahoma law the mortgage and the terms and conditions contained therein are merged into that judgment. *In re Bartlett Oil & Gas Corp.*, 44 F.2d 616 (D.C.Okla.1931). As such, the sole option of the Debtors in order to redeem the property is to remit the amount found in judgment in full to the creditor. *Coursey v. Fairchild*, 436 P.2d 35 (Okla. 1967). This does not bar the Debtors from treating the judgment amount over the term of the Plan; however, it does prevent the action that the Debtors seek in curing the default and resuming payments under the mortgage.

IT IS THEREFORE ORDERED that the Debtors submit an amended Plan in compliance with this Court's Order, treating the full judgment amount of $37,636.76, including attorney's fees and Court costs, over the term of the Plan. If the Debtors are unable to formulate a Plan as so ordered, the Debtors shall in lieu of a Plan file a Motion to Dismiss or a Motion to Convert. The appropriate document shall be filed no later than June 2, 1989. If the amended Plan is filed, the Clerk shall set the matter for confirmation on June 28, 1989 at 10:00 a.m.