**In re Robert E. THOMAS, SSN 453–44–9454, Theata F. Thomas, SSN 456–50–0918, Debtors.**

**Bankruptcy No. 90–70289.**

United States Bankruptcy Court, E.D. Oklahoma.

June 14, 1990.

Warren G. Morris, Tulsa, Okl., for debtors.

Lawrence A.G. Johnson, Tulsa, Okl., for creditor Jim Walters Homes, Inc.

## ORDER

JAMES E. RYAN, Bankruptcy Judge.

On this 13th day of June, 1990, an Objection to Proof of Claim of Jim Walters Homes, Inc. filed by the Debtor (Docket Entry No. 11) with a Response by Jim Walters Homes, Inc. (Docket Entry No. 13), a Memorandum by Jim Walters Homes, Inc. (Docket Entry No. 14) and Debtors' Memorandum Concerning Interest on Arrearage Payments on the Secured Claim to the Debtors' Homestead (Docket Entry No. 16) came before this Court for consideration.

At a hearing conducted on May 14, 1990, the parties agreed that no evidence need be taken for this Court to make its final ruling. In addition, the parties were instructed to obtain a decision from the State District Court as to the amount of the Court costs and attorney fees to which Jim Walters Homes is entitled as a result of the state foreclosure action. Since the hearing, the parties have filed a Stipulation setting forth the Court ordered attorney's fees and costs. These facts shall be incorporated in this Order.

After review of the above-referenced pleadings as well as the law in this area, this Court does hereby enter the following Findings of Fact and Conclusions of Law in conformity with B.R. 7052 in this core proceeding:

## STATEMENT OF ISSUES

The facts in this case give rise to the following issues:

(a) whether the Debtors may de-accelerate the mortgage amount and treat the arrearages over the term of the Debtors' Chapter 13 Plan;

(b) whether Jim Walters Homes is entitled to interest on the arrearages over the term of the Plan.

## FINDINGS OF FACT

1. This case was commenced with the filing of a Petition seeking relief under Chapter 13 of the United States Bankruptcy Code on March 19, 1990. At the time of filing, Jim Walters Homes possessed a judgment entered by the District Court of Okmulgee County, State of Oklahoma, on January 29, 1990 in the amount of $35,-131.09, plus $10,640 in attorney's fees and costs.

2. Through May, 1990, the Debtors were in arrears on the note and mortgage as follows:

| | |
|---|---|
| Principal and interest: | $3,779.84 |
| Insurance: | $ 852.00 |
| Taxes: | $1,018.50 |
| Late Charges: | $ 65.00 |
| Total Arrearages through May, 1990: | $5,715.34 |

3. The parties have obtained a judgment from the District Court of Okmulgee County, State of Oklahoma and stipulate to the fact that attorney's fees associated with the foreclosure are determined to be $5,269.66 with Court costs of $394 (see Stipulation entered May 24, 1990; Docket Entry No. 18).

4. The parties stipulate that should this Court determine that Jim Walters Homes is entitled to interest on the arrearage over the term of the Plan, the rate to be applied shall be ten percent (10%).

### CONCLUSIONS OF LAW

■ A. Initially, this Court must address whether the Debtors may "de-accelerate" the mortgage obligation or whether, as this Court's precedent states, the Debtors must treat the entire accelerated mortgage amount under a Chapter 13 Plan. Under the theory of "de-acceleration," a debtor is permitted to treat accrued arrearages on a defaulted mortgage under the scheme proposed in a Chapter 13 Plan and continue making payments pursuant to the original note and mortgage. This Court has stated in the case of *In re Randall*, 101 B.R. 708 (Bankr.E.D.Okla.1989) that such a "de-acceleration" method of treating defaulted obligations is not permissible under Oklahoma law since the mortgage and the terms and conditions contained therein are merged into the judgment and only the judgment amount may be treated. *In re Randall*, supra at p. 710.

However, the Tenth Circuit Court of Appeals has recently determined that "de-acceleration" is permissible. *In re Thompson*, 894 F.2d 1227 (10th Cir.1990). Under that Court's rationale, the "de-acceleration" treatment is an allowed curing of a default under 11 U.S.C. § 1322(b)(3) and not an impermissible modification of the rights of the holder of a secured claim on the debtor's principal residence, prohibited under 11 U.S.C. § 1322(b)(2). This Court is bound by the decision of the Tenth Circuit and, more importantly, feels that this decision represents the current state of the law and that this Court's precedent does not.

As a result, the Debtors shall be allowed to treat the accrued and past due payments over the term of their Chapter 13 Plan and resume making normal mortgage payments as provided under the original note and mortgage.

■ B. Some dispute has also arisen with regard to whether Jim Walters Homes may assess the contractually provided $5 per payment late penalty and require this amount to also be treated under the Chapter 13 Plan. Since this is a provision clearly outlined under the original note and mortgage, we find no rational basis for relieving the Debtors from the obligation. The $5 penalty is a one time charge, as this Court interprets the provision, which is assessed against each payment which is in default.

■ C. The final issue for this Court to determine in this Order is whether Jim Walters Homes is entitled to interest over the term of the Plan on the defaulted amounts which are treated. The Debtors assert that interest has already been assessed against the defaulted principal payment under the original note and mortgage and further interest is a "double assessment" of interest. Jim Walters Homes argues that it is required to, in essence, provide the Debtors with a new loan over the term of the Plan, thus requiring new compensation for the use of its money.

Since Jim Walters Homes is entitled to the immediate payment of its defaulted amounts and yet the Debtors intend to delay this payment over a three to five year term of a Chapter 13 Plan, the creditor cannot be expected to endure this delay in payment without additional compensation. The consideration for the interest rate provided under the original note and mortgage was the initial delay in payment caused by the loaning of the funds over the term of the note. Now, the Debtors are requesting a further delay, and for this, we find that Jim Walters Homes is entitled to interest over the term of the Plan for the payments on arrearages. For support of this proposition, this Court would cite the cases of *In re Colgrove*, 771 F.2d 119 (6th Cir.1985) and *Memphis Bank & Trust Co. v. Whitman*, 692 F.2d 427 (6th Cir.1982).

Since the parties have agreed that the interest rate to be applied under the Debtors' Chapter 13 Plan is ten percent (10%), this Court shall not address the standard for determining the applicable interest rate.

IT IS THEREFORE ORDERED that the Debtors' Objection to Proof of Claim of Jim

Walters Homes, Inc. is hereby sustained in that the Debtors shall be allowed to de-accelerate the note and mortgage, thus allowing treatment of the accrued arrearages to date, including insurance, taxes, late fees and attorney's fees and costs associated with the foreclosure action in total amount of $11,378.94. This amount shall be treated at a ten percent (10%) interest rate over the term of the Plan.

In so ruling, this Court specifically departs from its ruling in the case of *In re Randall,* supra, finding that case to no longer be precedent in this District.

IT IS FURTHER ORDERED that the Debtors submit their Amended Chapter 13 Plan no later than June 22, 1990.

The Clerk is directed to notice interested parties of a Confirmation Hearing on said Plan to be conducted on August 8, 1990 at 1:30 p.m.