**In re Ronnie HANNON and Rosetta Hannon, Debtors.**

**Bankruptcy No. 91–01263–C.**

United States Bankruptcy Court, N.D. Oklahoma.

June 26, 1991.

Harvey C. Carpenter, Tulsa, Okl., for debtors.

Lawrence A.G. Johnson, Tulsa, Okl., for trustee Wade.

Lonnie D. Eck, Tulsa, Okl.

Donald A. Flasch, Tulsa, Okl.

James M. Hinds, Tulsa, Okl.

Bruce G. Straub, Tulsa, Okl.

Katherine Vance, Asst. U.S. Trustee, Tulsa, Okl.

AMENDED MEMORANDUM OPINION [1]

STEPHEN J. COVEY, Bankruptcy Judge.

On April 25, 1991, the Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code. The Debtors listed their residence as an asset valued at $72,175.00 and subject to a first mortgage in favor of William J. Wade, Trustee, in the amount of $32,175.00.

The Debtors plan of repayment provided that all post-petition payments due on the mortgage would be paid direct to the Mortgagee as they became due. At the time of filing the petition for relief the Debtors were in arrears on their monthly payments in an amount of $1,513.80 and the Mortgagee had commenced foreclosure proceedings in the state court. The Debtors proposed to pay this arrearage, which they estimated to be $1,680.00, at $20.00 per month for sixty (60) months, with no interest. This was offered pursuant to Section 1322(b)(5) which provides in substance that a pre-petition default in the payment of a secured claim can be cured within a reasonable time (de-acceleration).

The Mortgagee objected to the confirmation of the plan because the plan did not propose to pay interest on the mortgage arrearages as follows:

| | |
|---|---:|
| Payments due: | $1,513.80 |
| Insurance advanced: | 800.00 |
| Taxes advanced: | 61.07 |
| Late fees: | 60.00 |
| Attorney fees advanced: | 750.00 |
| Court costs advanced | 100.00 |
| Total arrearages: | 3,284.87 |

The Mortgage provides as follows:

1. If a monthly payment was not paid within fifteen (15) days the Debtors would be charged a late payment of Five Dollars ($5.00).

2. If the Mortgagee had to advance insurance or taxes such amounts would be added to the Mortgage debt and would bear interest at the rate of Ten Percent (10%).

3. If the Mortgagee incurs attorney fees and court costs in foreclosing on the Mortgage or attempting to collect the debt, these expenses would be added to the Mortgage indebtedness.

The Debtors contend that the Mortgagee is not entitled to interest on the arrearages because it was not provided for in the Mortgage.

Conclusions of Law

The majority rule is that Mortgagees are not entitled to interest on mortgage arrearages due and owing on the Debtors' residence unless the mortgage provides for it. See *In re Stamper*, 84 B.R. 519 (Bkrtcy. N.D.Ill.1988); *In re Terry*, 780 F.2d 894 (11th Cir.1985); *Appeal of Capps*, 836 F.2d 773 (3rd Cir.1987); *Collier on Bankruptcy, Volume 5, Section 1322.09(4).* Contra, *In re Colgrove*, 771 F.2d 119 (6th Cir.1985); *In re Thomas*, 115 B.R. 305 (Bkrtcy. E.D.Okl.1990).

This Court expressly adopts the reasoning of Judge Ginsberg in *Stamper.*

Pursuant to these cases, the Court will allow interest on the $861.07 owed the Mortgagee for insurance and taxes, at ten percent (10%) interest, as provided for in the mortgage. This amount is to be paid by the Trustee over the sixty month life of the Plan. The unpaid pre-petition monthly payments in the amount of $1,513.80, plus the $60.00 late fee, will be paid by the Trustee over the sixty month life of the Plan without interest. A reasonable attorney fee, as allowed by this Court after a

1. This Amended Memorandum Opinion replaces the Memorandum Opinion entered herein June 25, 1991, and discussed in Court that day.

hearing, plus the $100.00 costs, will be paid by the Trustee over the sixty month life of the Plan without interest. Interest is not allowed on the past due payments, attorney fees and court costs, because it is not provided for in the mortgage.

The Debtor will pay directly to the Mortgagee the principal amount due on the mortgage on the date of bankruptcy, in monthly installments, at the contract rate of interest, over the term of the mortgage. In determining the principal amount due on the mortgage, the arrearages discussed above are not to be included because they are being paid as indicated.

SO ORDERED.